**In re Lawrence G. MALANFANT and Phyllis Malanfant, Debtors.**

**STANDARD CHARTERED BANK, Appellant,**

v.

**Lawrence G. MALANFANT and Phyllis Malanfant, Appellees.**

**Civ. A. No. 89–M–1614.**

United States District Court, D. Colorado.

Dec. 14, 1989.

James B. Holden, Sherman & Howard, Denver, Colo., for appellant.

Michael J. LaVelle, Randall J. Kries, Allen, Kimerer & LaVelle, Phoenix, Ariz., John M. Cogswell, Ruth S. Mares, Cogswell & Eggleston, Denver, Colo., for appellees.

---

## MEMORANDUM OPINION
## AND ORDER

MATSCH, District Judge.

This is an appeal from an order of Bankruptcy Judge Ray Reynolds Graves denying the motion of Standard Chartered Bank to transfer this Chapter 11 bankruptcy proceeding to the District of Arizona. The debtors filed their petition in this district on May 18, 1989. The motion to transfer was filed pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014. Accordingly, the motion was addressed to the court's discretion. It did, however, refer to 28 U.S.C. § 1408, the venue provision, and alleged that the debtors' petition allegations of residence within this district for the 180 days preceding the filing was contradicted by statements made by them in other proceedings and in testimony at a Section 341 meeting on June 26, 1989. The debtors and certain other creditors filed objections to the motion to transfer. Standard Chartered Bank then filed a response on August 18, 1989, again referring to the residence requirement in Section 1408. On page 2 of that response, the movant said as follows: "Standard Chartered agrees with Great American that the absence of proper venue is not dispositive of Standard Chartered's motion." It went on to refer to the provisions of Bankruptcy Rule 1014(a)(1) and (2) as making only a modest distinction between cases filed in an improper venue and those filed in the proper venue. By a supplemental response on August 24, 1989, citing the advisory committee notes to 1987 amendments to Bankruptcy Rule 1014, the movant noted that there was no provision in the rule for retention of a case where the venue is improper and the objection is timely filed.

The bankruptcy judge conducted a hearing on August 29, 1989. At the conclusion of the hearing the bankruptcy judge made the following comments:

THE COURT: Mr. Malanfant asked the question rhetorically in his testimony, "Can't I have two residences?" The answer, as a matter of law, is yes, but the fact question that has to be determined is: Is one of them in Colorado? The answer to that question is yes.

I believe that the testimony indicates and establishes on this record sufficient indicia of residence so that Mr. Malanfant can be deemed a resident of the state of Colorado. There is a lovely home in the mountains. It is being worked upon and it is being expanded. He may or may not spend the balance of the year here, but I know of no body of law that says he cannot be a resident if he chooses to spend only a portion of the year here.

He has testified, and it is unrebutted on this record, that he is going to amend his 1986 return to become a Colorado resident tax filer. He says he goes to this home to get away from his problems, to sit down and think, and to get away from the things that are bothering him. That's what people go home for. Now, you can have two or three places to do that, but that's what people go to homes for.

The second question, then, becomes whether or not venue should be transferred in the interest of justice and for the convenience of the parties. The answer to that question is no. This case has assets scheduled, claims scheduled, property that is going to be administered that literally reaches coast to coast. I don't know of any body of law that says we sit down and add up the balance, or the numbers, and then take a vote from the creditors and based on that, make a decision that it's not convenient or that it's in the interest of justice. It is at best on this record a tie.

It is just as inconvenient or convenient to have this case here as it would be convenient or inconvenient to have it in Arizona or California or Illinois or South Carolina. And since the standard is that the petitioner asking for a change of venue must establish the reason for the change by a preponderance of the evidence, the tie defeats the motion.

Therefore, the motion is denied. Thank you.

In this appeal, the appellant urges error in the failure of the bankruptcy judge to transfer this proceeding or to dismiss it under Bankruptcy Rule 1014(a)(2) because

this petition was filed in an improper district in that the only venue basis relied upon by the petitioners was residence and they were not residents in the District of Colorado for 180 days preceding the filing of the petition or for a longer portion of such period than their residence in any other district. That is the requirement of the statute, 28 U.S.C. § 1408. The difficulty in reviewing this ruling results from the failure of the bankruptcy judge to comply with the requirement of F.R.Civ.P. 52(a), incorporated by reference in Bankruptcy Rule 7052, that he find the facts specially and state separately conclusions of law. The bankruptcy judge's comments are neither findings of fact nor conclusions of law and they are particularly deficient in failing to focus on the plain requirements of the venue statute. Accordingly, it is now

ORDERED that the judgment and order denying the motion to transfer filed by Standard Chartered Bank is vacated and this matter is remanded to Chief Bankruptcy Judge Charles E. Matheson for assignment to a bankruptcy judge to conduct such further proceedings as may be necessary to a determination of the motion.